Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| MARÍA JUDITH DÍAZ CASTRO<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>Recurrida | TA2026EM00001 | Escrito Misceláneo procedente del Negociado de la Policía de Puerto Rico |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de junio de 2026.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones*

contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por otro lado, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de apelación, *certiorari* o revisión incluya (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (2) una referencia a la decisión objeto del recurso y la cual incluirá, entre otros detalles, la fecha en que fue dictada y en la cual fue archivada en autos copia de su notificación; (3) una relación fiel y concisa de los hechos procesales; (4) un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el tribunal o la agencia; (5) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable; y (6) la súplica. Reglas 16, 34 y 59 del Tribunal de Apelaciones, *supra*. Al mismo tiempo, el recurso deberá incluir un Apéndice, tal como la decisión del Tribunal de Primera Instancia o agencia cuya revisión se solicita y toda resolución, orden o moción que forme parte del expediente y en los cuales se discuta expresamente cualquier asunto planteado en la solicitud, o que sean relevantes a ésta. Íd. No obstante, el foro apelativo podrá permitir, a solicitud de la parte peticionaria, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior, dentro de un término de quince (15) días contados a partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

En el presente caso, la señora María Judith Díaz Castro no solamente omitió incluir un Apéndice, sino también alguna información sobre nuestra jurisdicción sobre el tema, referencia a la

decisión objeto del recurso, los hechos procesales o los errores que alega cometió la instancia adjudicativa anterior, entre otros asuntos. Por tanto, carecemos de jurisdicción para atender el caso en sus méritos.

Por los fundamentos expuestos, acogemos el recurso presentado *in forma pauperis* y lo desestimamos por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Adames Soto está conforme y emite las siguientes expresiones:

Tal como los demás respetados compañeros de Panel, juzgo que procede la desestimación del recurso ante nuestra consideración, por cuanto no contamos propiamente con una determinación judicial precisa que revisar. Sepa la señora Díaz Castro que la puerta de este Tribunal de Apelaciones se abre (salvo contadas excepciones, que no están aquí presentes) cuando una parte obtiene un dictamen adverso (que le perjudique) con el cual no esté conforme y entonces solicite que lo revisemos (verifiquemos su corrección). Por ejemplo, este Tribunal de Apelaciones no es el adecuado para solicitar por primera vez que se le exima del pago por copias de algún expediente, sin que tal solicitud de exención de pago la hubiese antes sopesado (resuelto) el Tribunal de Primera Instancia. Con la información incluida por la señora Díaz Castro (realmente poca y dispersa) no tenemos forma de saber ni siquiera si, antes de acudir ante nosotros, solicitó la exención del pago por expedientes ante los foros que mencionó en su recurso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones